# In the United States Court of Federal Claims

|  |  |
|---|---|
| **JUAN ROMAN,**<br>    *Plaintiff,*<br>v.<br>**THE UNITED STATES,**<br>    *Defendant.* | No. 20-40<br>(Filed: July 3, 2024) |

*Juan Roman, pro se,* for Plaintiff.

*Stefan R. Wolfe*, Trial Attorney, *Mary M. Abate*, Assistant Chief, *David I. Pincus*, Chief, Court of Federal Claims Section, *David A. Hubbert*, Deputy Assistant Attorney General, Tax Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**HADJI**, *Judge*.

  This is a tax refund case. *Pro se* Plaintiff Juan Roman sued the Government alleging, among other things, that he was entitled to a refund on taxes that he paid but that were assessed against his ex-wife. Pending before the Court is the Government's second motion to dismiss for failure to prosecute (ECF 75). For the reasons stated below, the Court **GRANTS** the Government's Motion.

## BACKGROUND

  The section titled "Background" of the Court's Opinion dated April 11, 2024, (ECF 73) is fully incorporated herein by reference. In the interest of focusing on the issue at hand, those findings are not repeated in this opinion at length.

  As is relevant here, in January 2020, Plaintiff filed suit in this Court seeking a tax refund arising from his payment of his ex-wife's personal income taxes. Compl., ECF 1 at 1-2. Prior to this case being transferred to the undersigned, this Court entered a judgment in Plaintiff's favor on his tax refund claim. ECF 37, 38. The Government appealed, and the Federal Circuit vacated this Court's judgment and remanded the case. *Roman v. United States*, 61 F.4th 1366, 1373 (Fed. Cir. 2023).

Following remand, Plaintiff's case was transferred to the undersigned and the Government moved twice to dismiss the case for failure to prosecute. In January 2024, the Government filed its first motion to dismiss for failure to prosecute after Plaintiff refused to answer substantive questions at his scheduled deposition, which counsel for the government traveled to attend, and averred that he would continue to refuse to answer questions even if the Court ordered him to answer. ECF 66.

On April 11, 2024, the Court denied the Government's first motion to dismiss and afforded Plaintiff a second chance to prosecute his case. ECF 73. The Court also ordered Plaintiff to: (1) file a status report on or before May 12, 2024, indicating whether he would meaningfully participate in a deposition; and (2) participate in a deposition (the Compliance Order). ECF 73. The rationale for the status report requirement in the Compliance Order was that counsel for the Government had previously traveled to conduct the deposition only to have Plaintiff refuse to meaningfully participate. *Id*. at 5. The Court wanted to avoid a scenario where counsel for the Government traveled a second time for no reason, especially given that Plaintiff had indicated he would not answer questions in a deposition even if the Court ordered him to answer. *Id.*

The Plaintiff received a copy of the Compliance Order from his prison counselor on the date of issuance. ECF 75 at 14. However, despite having a full month to comply with the Compliance Order, Plaintiff did not file a status report by the court-imposed deadline. To date, the Court has yet to receive a filing from Plaintiff indicating whether he will obey the Court's order to submit to a deposition.

Given Plaintiff's blatant disregard of the Compliance Order, on May 20, 2024, the Court issued an order noting Plaintiff's failure to file the requested status report and indicating that it would reconsider dismissal should the Government renew its request to dismiss the case. ECF 74. Accordingly, on June 7, 2024, the Government filed its second motion to dismiss for failure to prosecute. ECF 75. This motion renewed and expanded upon many of the arguments made in the Government's first motion. Plaintiff has not responded to the Government's second motion to dismiss for failure to prosecute.

## **DISCUSSION**[1]

"Diligent prosecution is an essential ingredient of meaningful judicial review." *Hawkins v. United States*, 162 Fed. Cl. 617, 617 (2022). Accordingly, Court of Federal Claims Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order, the court may dismiss on its own motion or the defendant may move

---

[1] Due to the grounds raised in the motion to dismiss, this decision does not reach the merits of Plaintiff's case; it focuses solely on whether Plaintiff's case should be dismissed for failure to prosecute and for failure to comply with the Court's rules and orders. The Court makes no findings and reaches no legal conclusions regarding Plaintiff's claims.

2

to dismiss the action or any claim against it." "[I]nvoluntary dismissal, for failure to comply with the court's orders, shields the court from the intolerable circumstance that would obtain if 'parties [were] free to pick and choose which of the court's orders they will obey.'" *Huffine v. United States*, 26 Cl. Ct. 688, 692 (1992).

Although a court normally affords greater leniency to *pro se* litigants, *pro se* plaintiffs are not "insulated from dismissal under Rule 41(b)." *Lewis v. United States*, 31 Fed. Cl. 607, 611 (1994). That is because "[t]he right of self-representation is not a license to abuse the dignity of the courtroom … [or] a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (dicta).

In this case, despite a Court order authorizing Plaintiff's deposition, Plaintiff refused to participate meaningfully in his deposition or answer substantive questions, instead conditioning his participation on the Court amending its earlier rulings and acting on a motion he filed seeking immediate judgment in his favor. *See, e.g.,* Roman Deposition Transcript 14:1-24; 20:7-22; 21:25-22:4; 25:7-10, ECF 66-2. While under oath, Plaintiff explicitly stated that even if the Court ordered him to answer questions he would continue to refuse. *Id*. 24:11-20. Plaintiff did so with full knowledge that the Court had stayed briefing on his Motion for Judgment on Remand, *id*. 22:05-18; 28:1-11, and that he was required by both the Court's rules and a scheduling order to answer questions at the deposition. *Id*. 15:2-20; 29:19-22. Although Government counsel warned Plaintiff on multiple occasions that refusal to participate might lead to dismissal for failure to prosecute or sanctions, *see, e.g., id*. 8:9-17; 15:6-17; 20:23-21:1, Plaintiff continued to obstruct the deposition. And to make matters worse, more recently, Plaintiff also squandered the second chance afforded to him by the Court by failing to file a required status report in accordance with the Court's Compliance Order dated April 11, 2024.

The Court finds that Plaintiff's continued refusal to participate in his own deposition constitutes failure to prosecute his case. Further, because Plaintiff has failed to comply with the Court's rules and orders (and has indicated that he will continue to do so), the Court finds that Plaintiff's actions evince willful defiance of the Court's judicial authority. As such, even though "[d]ismissal is an exceedingly drastic action, and care must be taken in such cases as this, where a plaintiff is *pro se* and is somewhat unfamiliar with the proper conduct of court proceedings," *Huffine*, 26 Cl. Ct. 691-92, dismissal under Rule 41(b) is appropriate. *See Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986) (holding dismissal pursuant to Rule 41(b) was justified when a litigant ignored court-imposed deadlines and court rules).

The Court does not reach this decision lightly; normally, the Court might first entertain alternative sanctions before settling on dismissal. Had Plaintiff's actions (or lack thereof) been plausibly attributable to a confused understanding of procedural rules and

3

requirements, the Court would strongly consider whether continued solicitude is warranted. But Plaintiff's actions indicate that a less severe sanction would be inadequate. The Court has already provided Plaintiff with a second opportunity to sit for his deposition—even after he stated he would not. It is rare when a party not only ignores a court order but plainly states that it will not comply with court orders even when given a second opportunity to comply. But that is the case here. Plaintiff seemingly *refuses* to comply with Court orders with which he disagrees and is actively *choosing* disobedience. Under such circumstances, "[Plaintiff]'s entire course of conduct reflect[s] a callous disregard for the rules and regulations of the court," *Kadin*, 782 F.2d at 177, and dismissal is warranted.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (ECF 75) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice. Plaintiff's motion for judgment on remand (ECF 49) is thus **DENIED** as moot. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
PHILIP S. HADJI
Judge